UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

Plaintiff,

- against -

Civil No. _____

$31,010 in U.S. Currency and
Foreign Currency in Various
Denominations,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States

Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this

complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules

of Civil Procedure:

## NATURE OF THE ACTION

1.   This is a civil forfeiture action against U.S. currency and foreign currencies in various

denominations involved in violations of 31 U.S.C.  §§ 5316, 5324(c) and 5332(a) that is

subject to forfeiture pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c).

## THE DEFENDANTS IN REM

2.   The defendant is $31,010 in U.S. Currency, 371,000 Nigerian Naira (having a value of

approximately $2,301), 6,975 British Pounds ($10,906) and 50 Euro ($66) with a total U.S.

dollar equivalent of approximately $44,283.

3.   The defendant property was seized from Nse Ntuen by Customs agents upon his arrival in

the United States at BWI Airport on August 15, 2013.   It was subsequently converted to

U.S. currency and deposited into a financial institution.

## JURISDICTION AND VENUE

4.    Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

property.    This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over

this particular action under 31 U.S.C. §§ 5317(c)(2) and 5332(c).

5.    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).

Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest

warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute

upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.    Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or

omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C.

§ 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.    The defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because

it was involved in a violation of 31 U.S.C. §§ 5316 and 5324(c)(1) and (2) and the

regulations promulgated thereunder, 31 CFR § 1010.340.   That is, the defendant currency

was currency in an amount in excess of $10,000 that was transported to the United States

from a place outside of the United States; it was not reported on any form required by said

statute and regulations; and any report that was filed at the time of the transportation of the

currency contained a material omission or misstatement of fact.

8    The defendant currency is also subject to forfeiture pursuant to 31 U.S.C. § 5332(c)

because it was involved in a bulk cash smuggling offense in violation of 31 U.S.C.

§ 5332(a).   That is, the defendant currency was currency in an amount in excess of

$10,000 that was transported to the United States from a place outside of the United States

concealed in luggage with the intent to evade the reporting requirement in 31 U.S.C.

§ 5316.

## FACTS

9.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached

Declaration of Customs and Border Protection Officer Matthew Bowling which is

incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants

with interests in the defendant property be cited to appear herein and answer the complaint; that the

defendant property be forfeited and condemned to the United States of America; that upon Final

Decree of Forfeiture, the United States Marshal dispose of the defendant property according to

law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:    November 6, 2014

                                    Respectfully submitted,

                                    Rod J. Rosenstein
                                    United States Attorney


By:_____
        Stefan D. Cassella
        Assistant United States Attorney
        36 South Charles Street
        Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800

3

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746,

that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to

me by a Customs and Border Protection Officer, and that everything contained therein is true and

correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $44,783.00 in United States Currency.

I, Matthew Bowling, US Customs and Border Protection Officer, submit that there are sufficient facts to support a reasonable belief that the $44,783 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value was undeclared at the United States Border in violation of 31 U.S.C. § 5317 and 31 U.S.C. § 5316 and is subject to seizure.

On 08/15/2013 while working baggage rover CBPO Bowling stopped arriving passenger NTUEN, Nse for an enforcement exam. NTUEN claims he was coming to the US for 3 days for a conference in Washington DC.

When asked if all bags in NTUEN's possession were his and if he packed them NTUEN stated "yes". A binding declaration was obtained by CBPO Bowling, NTUEN was given multiple opportunities to amend his declaration but did not. During questioning NTUEN stated he was only carrying $5000 USD total and that the money was going to be used for shopping and sightseeing. During the exam of NTUEN's carryon bags and checked bag large amounts of US currency, British pounds, Euro's and Nigerian Naira were found in folded up envelopes, some envelopes were concealed in side zippers amongst folded socks.

Subject has extensive international travel and is aware of the currency reporting requirements for the United States. He has one previous secondary exam where he declared just under 10k. Due to NTUEN failing to report excess of $10000 us dollars or equivalent, currency was seized by CBPO Bowling. A total of $44,783 US Dollar equivalent was seized on 6051s# 5547779 placed in seizure bag# A2647325. $500 USD was granted for humanitarian release. Subject signed the

6051s taking custody and acknowledging his receipt of the $500 USD. Subject was provided

with a copy of the 6051s and given contact information on how to petition for the return of

currency.


I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746
THAT THE FACTS SUBMITTED BY US CUSTOMS AND BORDER PROTETION, IN
REFERENCE TO THE SEIZURE OF $44,783 U.S. CURRENCY FROM NSE NTUEN ARE
ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE,
INFORMATION AND BELIEF.


Matthew Bowling
CBP Officer
US Customs and Border Protection